ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| RLB Contracting, Inc. | ) ASBCA No. 62779 |
| | ) |
| Under Contract No. W9126G-17-C-0043 | ) |

APPEARANCES FOR THE APPELLANT: Michael H. Payne, Esq.
 Casey J. McKinnon, Esq.
  Cohen Seglias Pallas Greenhall & Furman PC
  Philadelphia, PA

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
 Clark Bartee, Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, Galveston

OPINION BY ADMINISTRATIVE JUDGE SWEET

On February 21, 2023, the appellant filed an out-of-time request to enlarge the deadline to file its response to the government's motion for summary judgment (response). On February 24, 2023, the government filed a motion to dismiss for failure to prosecute, or in the alternative, to rule on the government's motion for summary judgment as presented. For the reasons discussed below, the appellant's motion is granted, and the government's motion is denied.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On December 15, 2021, the government filed a motion for summary judgment.

2. Throughout 2022, the appellant moved for enlargements of time to file its response. The government assented to those motions, and we accordingly granted each motion.

3. On May 9, 2022, the government moved to stay proceedings in this appeal pending the resolution of its summary judgment motion. On May 13, 2022, we granted that motion, but permitted the appellant to conduct limited discovery regarding the government's prior knowledge of the location and depth of a pipeline.

4. On November 14, 2022, we issued our final order on the appellant's motions for enlargements of time to file its response. In that order, we granted appellant an enlargement of time to file its response to February 7, 2023.

5. Appellant failed to file a response or seek an enlargement of time by February 7, 2023. Two weeks later, on February 21, 2023, appellant filed an out-of-time motion for an enlargement of time to file its response to February 24, 2022. The government opposes that motion.

6. On February 24, 2022, the appellant filed its response to the motion for summary judgment.

7. Also, on February 24, 2022, the government moved to dismiss for failure to prosecute, or in the alternative, to rule on the government's motion for summary judgment as presented.

DECISION

We deny the government's motion to dismiss for failure to prosecute or to rule on its summary judgment motion as presented and grant the appellant's motion to extend the deadline to file its response. Under our rules:

> Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed with prejudice for failure to prosecute.

Board Rule 17

Here, there was no failure to prosecute. Taking over a year to respond to a summary judgment motion certainly seems excessive (SOF ¶ 2). However, it does not constitute a failure to prosecute because—except for two weeks in February 2023—the appellant had sought and been granted enlargements. Thus, the appellant complied with the Board's orders (SOF ¶¶ 2, 4-5). Indeed, having assented to all of those motions for enlargements, the government is in no position to turn around and complain about those enlargements (SOF ¶ 2).[1] While there was a two-week period in

---

[1] Likewise, having successfully moved the Board to stay proceedings in this appeal (SOF ¶ 3), the government cannot complain that the appellant's failure to

February 2023, when the appellant did not comply with a Board order by filing its response or seeking an enlargement (SOF ¶¶ 4-5),[2] that was not so extensive as to indicate an intention not to continue the prosecution of this appeal. In fact, issuing an order to show cause would serve no useful purpose because the appellant already has filed its response, thereby evidencing its intent to prosecute this appeal (SOF ¶ 6).

Nor does that two-week period justify ruling on the government's summary judgment motion as presented because the government has not shown any prejudice from that delay (gov't motion to dismiss). Moreover, due to that lack of prejudice, the appellant is entitled to an extension of the deadline to file its response.

## CONCLUSION

We deny the government's motion to dismiss for failure to prosecute or to rule on its summary judgment motion as presented. We grant the appellant's motion to extend the deadline to file its response. Accordingly, the appellant's response is accepted, and the government shall file any reply within thirty days of the date of this order.

Dated: March 9, 2023

James R. Sweet

_____
JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

engage in discovery constituted a failure to prosecute. There was a narrow exception to that stay for the appellant to obtain discovery regarding the government's prior knowledge of the location and depth of a pipeline (SOF ¶ 3). To the extent that the appellant failed to request that discovery, our order did not require the appellant to seek such discovery (SOF ¶ 3). Thus, the appellant's failure to seek such discovery did not violate a Board order, or otherwise indicate an intent not to prosecute this appeal. Moreover, any failure to take advantage of that discovery opportunity benefited—instead of prejudicing—the government. Thus, any failure is not a basis for refusing to consider the response.

[2] We caution the appellant that it has a duty to comply with Board-imposed deadlines or seek enlargements. Even though there was no prejudice in this first instance of failing to do so, prejudice may result from repeated failures to comply with deadlines or seek enlargements.

I concur                                         I concur


RICHARD SHACKLEFORD                              J. REID PROUTY
Administrative Judge                             Administrative Judge
Acting Chairman                                  Vice Chairman
Armed Services Board                             Armed Services Board
of Contract Appeals                              of Contract Appeals


        I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 62779, Appeal of RLB
Contracting, Inc., rendered in conformance with the Board's Charter.

        Dated:  March 9, 2023


                                        PAULLA K. GATES-LEWIS
                                        Recorder, Armed Services
                                        Board of Contract Appeals